An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SHANE MICHAEL WOZNIAK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 58374

**FILED**

FEB 22 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of felonious luring of a child. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

### I.

Appellant Shane Wozniak stopped his vehicle next to ten-year-old Brianna Q. and eleven-year-old Francis R., who were walking from their elementary school to a nearby convenience store. Wozniak addressed the two girls and asked whether they wanted a ride, which the girls declined. Wozniak asked the girls if they had "ever seen a dick," and the girls replied "no." Wozniak then asked if the girls would like to see one, and again they said "no." The girls backed away, and Brianna Q. jotted down Wozniak's license plate number. After Wozniak drove off, the girls ran back to school to alert their principal, who immediately called the police.

Wozniak was charged with two counts of a gross misdemeanor violation of NRS 201.560(1)(a) (luring a child) and two counts of a felonious violation of NRS 201.560(1)(b) (luring a child with sexual intent).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-05575

Wozniak's first jury trial produced a verdict of guilty on the gross misdemeanor counts but the jury deadlocked on the felony counts. His second jury trial resulted in a guilty verdict on both felony counts. The district court declared that it would hold the gross misdemeanor convictions "in abeyance," and only entered judgments of conviction for the felony convictions. Wozniak timely appealed, and the State did not challenge the appealability or finality of the judgment, despite the fact that Wozniak had not been sentenced on the two gross misdemeanors.

On appeal, Wozniak raises two main arguments: (1) the two felony convictions under NRS 201.560(1)(b) are redundant to each other; and (2) the district court erred by excluding as hearsay certain exculpatory statements Wozniak made to the police.[1]

---

[1]We have reviewed the remaining issues that Wozniak raised and determine they are without merit for the following reasons: (1) because we conclude that, under the unique procedural circumstances of this case, the gross misdemeanors should be dismissed, we need not consider whether the preliminary hearing was sufficient as Wozniak's argument targets the proof needed to sustain the charges pursuant to NRS 201.560(1)(a); (2) the district court did not err by allowing the prosecution to amend the information because amendment occurred before the verdict and prejudice to Wozniak's substantial rights of does not appear, see NRS 173.095; see also Jenkins v. District Court, 109 Nev. 337, 339-40, 849 P.2d 1055, 1056-57 (1993) (allowing amended information that divided original counts into separate counts); (3) the district court did not abuse its discretion by failing to disqualify or sanction the prosecutor because the district court is in the best position to determine whether disqualification is warranted and there is nothing in the record that indicates that the court abused its discretion, Nevada Yellow Cab Corp. v. Dist. Ct., 123 Nev. 44, 54, 152 P.3d 737, 743 (2007); (4) time served does not include time spent on house arrest, State v. Dist. Ct. (Jackson), 121 Nev. 413, 418-19, 116 P.3d 834, 837 (2005) ("[H]ouse arrest does not constitute time 'actually spent in confinement' for which the duration of a sentence may be credited."); (5) this court need not address Wozniak's

*continued on next page...*

## II.

Wozniak argues that his felony convictions are redundant and/or that the district court erred in rejecting his merger arguments. Specifically, Wozniak argues that his two separate felony convictions under NRS 201.560(1)(b) for the single encounter with the two girls are redundant to each other.[2] Citing Wilson v. State, 121 Nev. 345, 114 P.3d 285 (2005), and Ebeling v. State, 120 Nev. 401, 91 P.3d 599 (2004), Wozniak argues that NRS 201.560 penalizes on a per contact or communication basis, not a per-child basis. Alternatively, Wozniak argues that the felony convictions should merge into the gross misdemeanor convictions.

Wozniak's redundancy challenge concerns the "unit of prosecution" established by NRS 201.560(1)(b). See Jackson v. State, 128 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 55 at 2, December 6, 2012) (discussing Wilson and Ebeling as "unit of prosecution" cases, a subset of Nevada's redundancy doctrine). As Jackson makes clear, the proper focus in this type of "redundancy" challenge is on statutory text: What did the Legislature say it was punishing? Id. at ___, ___ P.3d at ___ (Adv. Op. No

---

...*continued*

claim regarding jury instructions because a claim without legal analysis does not warrant discussion, Browning v. State, 120 Nev. 347, 367, 91 P.3d 39, 54 (2004); and (6) Wozniak withdrew his argument regarding jail phone calls in a notice to this court filed October 18, 2012.

[2]Notably, Wozniak does not argue that either subsection of NRS 201.560(1) is a lesser included offense of the other or that conviction under both sections is redundant even though the district court apparently concluded that the gross misdemeanors are redundant to the felony.

 

55 at 7-8, December 6, 2012). This analysis begins—and often ends—with the text of the relevant statute(s).

Here, NRS 201.560 reads in relevant part as follows:

(1) . . . [A] person commits the crime of luring a child if the person knowingly <u>contacts</u> or <u>communicates</u> with or attempts to <u>contact</u> or <u>communicate</u> with:

. . .

(b) Another person whom he or she believes to be <u>a child</u> who is less than 16 years of age and at least 5 years younger than he or she is, regardless of the actual age[3] of that other person, with the intent to persuade or lure the person to engage in sexual conduct.

(Emphasis added).

NRS 201.560(1) uses the verbs "contact" and "communicate with"; the object of these verbs, per subsection (b), is "a child" (also referred to as "another" or "that other person"). Wozniak is correct that contact or communication, when achieved via spoken words, may reach multiple people at once. Nonetheless, the singular object shows that the statute prohibits luring on a per-child—not per-contact—basis. Even though Wozniak communicated with or contacted both girls at once, his separate convictions of luring each girl with sexual intent directly flows

[3]As indicated by the words "believes" and "regardless of actual age," NRS 201.560(1)(b) focuses on the subjective views of the accused. Here Wozniak argues that the State failed to prove he was five years older than the girls during the preliminary hearing. Because the objective ages of the accused and the victim(s) is irrelevant to NRS 201.560(1)(b), this argument is without merit. The girls' ages (10 and 11 years old) was proven at both the preliminary hearing and at trial; Wozniak's age (20 years old) was suggested at the preliminary hearing, since he was of driving age and prosecuted as an adult, and proven at trial.

from the contact he made with each of them. This distinguishes Wozniak's convictions under NRS 201.560 from the convictions in Ebeling, 120 Nev. at 404-05, 91 P.3d at 601-02 (NRS 201.220(1) punishes indecent exposure on a per-exposure not per-viewer basis, since the statute does not even refer to the person or persons who might view the exposure), and Wilson, 120 Nev. at 356-57, 114 P.3d at 293 (NRS 200.710(2) punishes the "use [ ]of] a minor" in a pornographic "performance," which makes the unit of prosecution the performance itself, rather than each separate photograph). In NRS 201.560(1)(b), by contrast, the Legislature prohibits luring on a per-child-as-object basis. Thus, since the Legislature has authorized a separate punishment for each victimized child, Wozniak's two felony convictions are not redundant to each other.[4] Compare 22 C.J.S. Criminal Law § 321 (2006) ("[W]here two or more persons are injured by a single criminal act, there are as many separate and distinct offenses as there are persons injured by the unlawful act") with Firestone v. State, 120 Nev. 13, 18, 83 P.3d 279, 282 (2004) (explaining that if the Legislature, in enacting a statute, penalizes the act on a per-act rather than per-victim basis, a single offense results, even though multiple victims were involved).

Wozniak's merger argument also fails, to the extent he argues that the felony convictions should be merged into the gross misdemeanor

---

[4]The rule of lenity, which Wozniak does not directly invoke, does not advance his redundancy challenge. "[T]he rule of lenity does not apply where statutory language is unequivocal and there is no ambiguity to resolve." Villanueva v. State, 117 Nev. 664, 670, n.13, 27 P.3d 443, 447 n.13 (2001). NRS 201.560 is unambiguous because, as written, it is fairly subject to only a single interpretation: NRS 201.560 punishes on a per-child basis, even when there is but a single communication direct at more than one child.

convictions "held in abeyance" following his first trial.[5] "Under the common law doctrine of merger, when the commission of a crime involved the doing of one or more criminal acts, some of which were misdemeanors, the misdemeanors merged into the felony," not the reverse. 22 C.J.S. Criminal Law § 18 (2006).

Nevertheless, the district court's decision to hold the gross misdemeanors "in abeyance" and only enter judgment on the felonies appears to be a de facto acceptance of Wozniak's separate redundancy argument, to the effect that the gross misdemeanors amount to lesser included offenses of the felonies, or were otherwise redundant. Although it appears that the district court might have found the gross misdemeanors redundant to the felonies, it is unclear why the district court's final order diverges from its spoken ruling that the separate convictions could stand. We defer to the written judgment, as we must, because "only a written judgment has any effect." Rust v. Clark Cty. School District, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (explaining that oral pronouncements from the bench is ineffective for any purpose).

---

[5]The State argues that the district court erred by holding the gross misdemeanors in abeyance instead of sentencing Wozniak on these counts. As the State conceded at argument, this issue is not properly before us, as no appealable final judgment was entered on the gross misdemeanors since Wozniak was not sentenced on them. See NRAP 3B; NRS 177.015 (an aggrieved defendant may only appeal from a final judgment or verdict). It was incumbent on the State to assert this omission by proper motion in the district court or on appeal, rather than delay raising it until it filed its answering brief in this court. And the State conceded at oral argument that, as a result, this court could not grant the State relief as to the gross misdemeanor charges.

Moreover, district courts cannot leave verdicts in limbo. Under NRS 176.105, "[i]f the defendant is found not guilty, or for any other reason is entitled to be discharged, judgment must be entered accordingly." See also Com. Didomenico, 198 A. 909, 910 (Pa. 1938) (explaining that when there are several counts and a district court only enters judgment on some of the counts, its non-action on the others operates as an acquittal).

Accordingly, while we affirm the judgment of conviction against Wozniak on the two felony counts, we reverse and remand as to the gross misdemeanor counts with instructions to the district court to dismiss them.

## III.

Wozniak's second challenge is to the district court's refusal to admit as non-hearsay his exculpatory—or self-serving, in the prosecution's view—statements to the police that he thought the girls were 18 years old, that he would only have attempted sexual activity with them "if they were of legal age," and that he had asked the girls how old they were. This court reviews a district court's legal interpretation of the hearsay rules in NRS Chapter 51 de novo. Stephans v. State, 127 Nev. ___, ___, 262 P.3d 727, 730 (2011) ("[T]o the extent the evidentiary ruling rests on a legal interpretation of the evidence code, de novo review obtains"). However, we review a district court's legally unexceptionable application of those rules for an abuse of discretion. Fields v. State, 125 Nev. 785, 795, 220 P.3d 709, 716 (2009).

Wozniak argues that his statements to the police were present sense impressions, NRS 51.085, went to Wozniak's state of mind, NRS 51.105(1), and should have been admitted as "excited utterances." NRS

 

51.095. We disagree. The statements were quintessential hearsay: out-of-court statements "offered in evidence to prove the truth of the matter asserted." NRS 51.035; see also NRS 51.065(1). Wozniak's statements did not qualify under the non-hearsay or hearsay-exception statutes he cites because they were not spontaneous, under oath, or otherwise reliable. "A district court does not abuse its discretion by excluding self-serving statements that a defendant seeks to have admitted without subjecting himself to cross-examination." See Glover v. Dist. Ct., 125 Nev. 691, 705, 220 P.3d 684, 693-94 (2009).

Additionally, at oral argument before this court, Wozniak invoked the rule of completeness to argue that the district court committed reversible error in admitting part, but not all, of Wozniak's oral statements to the police. This suggestion of error, however, is not properly presented. Wozniak neither cited nor discussed NRS 47.120, which establishes the rule of completeness, or its associated interpretative caselaw, in his opening brief to this court.[6] See Edwards v. Emperor's Garden Rest., 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (this court will not address issues not cogently identified and argued in the opening brief, especially when not supported by citation of any authority); Browning, 120 Nev. at 354, 91 P.3d at 45 (same).

---

[6]Specifically, in his opening brief on appeal Wozniak's discussion of the rule of completeness is limited to one unsupported sentence ("Also, this Court should also note the absurdity of allowing admission of half of a sentence . . . ."). He did not raise the rule of completeness in the statement of issues section of his brief or as a heading in the argument section where this sentence appears. Not surprisingly, given this state of affairs, the State did not address the rule of completeness or NRS 47.120 in its answering brief.

 

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court with instructions to dismiss the gross misdemeanor convictions.

_____, C.J.
Pickering

_____ J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:  Hon. David A. Hardy, District Judge
     Martin H. Wiener
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk